IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KALEAB KA ANPU EL,   *

Plaintiff   *

v   *   Civil Action No. ELH-21-1504

WALKER MEWS APARTMENTS,   *
LAW OFFICES OF MARKEY AND ORSI,
Defendants   *

  ***

# MEMORANDUM

On June 17, 2021, Kaleab Ka Anpu El filed the above-captioned Complaint against Walker Mews Apartments and the Law Offices of Markey and Orsi. ECF 1. Anpu El alleges that on June 4, 2021, a "Grievance Letter" was delivered to Shelia Riggins, Manager of Walker Mews Apartments and Brooh Hailu, an attorney for Markey and Orsi regarding a Notice to Quit issued to tenant Johnny Mason. ECF 1 at 5. Anpu El states that defendants failed to provide proof of claim or "honored the Grievance Letter." *Id*. Additionally, plaintiff states that "Defendants have willfully failed and refused to honor the Grievance Letter or any other notice affecting the rights of the Plaintiff." *Id*. Plaintiff has attached to his Complaint a letter from Johnny Mason to "SHEILA," at Walker Mews Apartments, stating that he disputes the Notice to Quit he received on May 25, 2021. ECF 1-1 at 1.[1] He has also attached a Notice to Quit and Vacate/Termination of Tenancy sent to Johnny Mason from Markey and Orsi (ECF 1-1 at 15), along with a number of documents regarding security agreements and "negative agreements." ECF 1-1. These have no clear relation to the underlying Complaint, which appears to center on the termination of Mason's

---

[1] "Sheila" Riggins is the property manager for Walker Mews Apartments. ECF 1-1 at 16.

tenancy. There is no indication in any of the papers submitted as to what, if any, relation plaintiff Kaleab Ka Anpu El has to Johnny Mason.

Anpu El is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This Court is mindful of its obligation to construe liberally the pleadings of a self-represented litigant, such as plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must . . . hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Even when no party challenges subject matter jurisdiction, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010). Moreover, "questions of subject-matter jurisdiction may be

raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

Federal courts are courts of limited jurisdiction. *Home Buyers Warranty Corp. v. Hanna,* 750 F.3d 427, 432 (4th Cir. 2014) (quotation marks omitted) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). Thus, a federal district court may only adjudicate a case if it possesses the "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005) (internal quotation marks omitted). As the Fourth Circuit stated in *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008), if a party seeks to proceed in federal court, she "must allege and, when challenged, must demonstrate the federal court's [subject matter] jurisdiction over the matter." Indeed, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Hanna,* 750 F.3d at 432. Moreover, "[a] court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole,* 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen,* 511 U.S. at 377).

Congress has conferred jurisdiction on the federal courts in several ways. To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. *Exxon Mobil Corp.,* 545 U.S. at 552; 28 U.S.C. § 1331; *see also* U.S. Constitution Art. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . ."). This is sometimes called federal question jurisdiction.

Under 28 U.S.C. § 1367(a), district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

In addition, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000. *Exxon Mobil Corp.,* 545 U.S. at 552; *see* 28 U.S.C. § 1332. However, diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of *every* plaintiff must be different from the citizenship of *every* defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011) (emphasis added); *see Strawbridge v. Curtiss,* 7 U.S. 267 (1806).

The citizenship of the litigants is central when diversity jurisdiction is invoked. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). Notably, "state citizenship for diversity jurisdiction depends not on residence, but on national citizenship and domicile." *Id*. (citation omitted). And, "the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." *Id*; *see also Robertson v. Cease*, 97 U.S. 646, 648 (1878) ("Citizenship and residence, as often declared by this court, are not synonymous terms."). In other words, for "purposes of diversity jurisdiction, residency is not sufficient to establish citizenship." *Johnson v. Advance Am., Cash Advance Ctrs. of S.C., Inc.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). Rather, a U.S. national is a citizen of the state where the person has his or her domicile, which "requires physical presence, coupled with an intent to make the State a home." *Id*.

The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz Corp.*, 599 U.S. at 95; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Under

the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).

The Court has afforded the Complaint liberal construction. As earlier noted, plaintiff is self- represented. *See Erickson*, 551 U.S. at 94. Nevertheless, the alleged conduct does not amount to a federal claim. At best, the Complaint asserts a breach of contract claim in a landlord/tenant dispute. Such claims arise under Maryland law and may not be brought in this Court, based on federal question jurisdiction.

As mentioned, a federal district court also has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, if it is a suit between citizens of different states. 28 U.S.C. §1332(a). The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996)). Both plaintiff and defendants are citizens of Maryland. And, the conduct giving rise to the Complaint occurred in Maryland. Thus, diversity jurisdiction does not exist.

The Court lacks subject matter jurisdiction. Therefore, the Complaint must be dismissed, for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

An Order follows.

Date: July 13, 2021                           /s/
                                                             Ellen L. Hollander
                                                             United States District Judge